This action was originally brought against Knox, the ancestor, in trespass quare clausum fregit. Pending the action, he died, and the defendants, his heirs, were brought in by sci. fa. The heirs relied upon the pleas already pleaded, and the cause remained in that *Page 107 
situation until the accumulation of much costs, when the sci. fa. was dismissed by the court, upon the defendant's motion, the legality of which motion has been sanctioned by this Court; and the question now presented is, What costs are the defendants entitled to recover.
It is contended for the defendants that, under the act of 1777, they are entitled to all the costs accrued upon the sci. fa., as that act, in express terms, declares that the party shall recover costs upon a dismission.
It is material to observe that in legal parlance the term "dismission" exclusively applies to the practice in courts of equity; and that the act of 1777 has in no instance authorized the courts of law to dismiss a suit. But it is quite certain that it has long been practiced in the (135) courts of law in this State, for the plaintiff to dismiss his suit, as a kind of substitute for a discontinuance. The mode of practice, no doubt, existed before 1777; and it seems natural to conclude that in framing a statute to regulate the practice under the new government those entrusted with that duty would regulate themselves, in some degree, by the practice before pursued, which in all probability, was then, as respects the use of a dismission, as it is at the present time.
If, therefore, the dismission in use in 1777 was an act of the plaintiff, and not of the court, it seems clear this was not such a one as was contemplated by the act.
It has, however, been contended that if defendants had pleaded in abatement, they would, upon the abatement of the suit, been entitled to costs; and that the office of a plea is only to inform the court of what does not otherwise appear. This is true, and only proves that there was a mode of proceeding by which the defendant might have had costs. But suppose no motion for dismission had ever been made, and the cause had traveled to a verdict for the plaintiff, and the judgment had been arrested, as it inevitably must, could the defendants then have had costs? If, therefore, the defendants have not availed themselves of pleading in abatement, but, after considerable delay by which heavy costs have accrued, prevailed upon the court to exercise the extraordinary mode of dismission, they certainly cannot be in a better situation than if the cause had proceeded to a final hearing, and the judgment arrested, in which case neither party can recover costs. To prove that a party, by his irregularity, may deprive himself of costs, several cases were cited in the argument by defendant's counsel.
Wherefore, as there is no judgment for either party, we are all of opinion that neither can recover his costs.
NOTE. — Where a suit abates neither party recovers costs, but each is liable for his own. Officers v. Taylor, 12 N.C. 99. So if judgment be arrested, S. Bank v. Twitty, 13 N.C. 397. *Page 108 
(136)